**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 17-6902**

UNITED STATES OF AMERICA,

                    Plaintiff - Appellee,

          v.

NIGEL CLARKE,

                    Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Greenville. Malcolm J. Howard, Senior District Judge. (4:02-cr-00060-H-5; 4:10-cv-00195-H)

Submitted:  November 14, 2017                    Decided:  December 4, 2017

Before GREGORY, Chief Judge, and AGEE and KEENAN, Circuit Judges.

Affirmed in part, vacated in part, and remanded by unpublished per curiam opinion.

Nigel Clarke, Appellant Pro Se.  Rudolf A. Renfer, Jr., Assistant United States Attorney, Michael Gordon James, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Nigel Clarke appeals the district court's order construing his Fed. R. Civ. P. 60(b) motions as unauthorized successive 28 U.S.C. § 2255 (2012) motions and dismissing them without prejudice and denying his motion to unseal his presentence report. We affirm in part, vacate in part, and remand for further proceedings.

We review de novo a district court's order construing a Rule 60(b) motion as an unauthorized successive § 2255 motion. *United States v. McRae*, 793 F.3d 392, 397 (4th Cir. 2015). Although a prisoner is permitted to seek Rule 60(b) relief from the district court's judgment on a § 2255 motion, "a district court has no discretion to rule on a Rule 60(b) motion that is functionally equivalent to a successive" § 2255 motion. *United States v. Winestock*, 340 F.3d 200, 206 (4th Cir. 2003). "[A] Rule 60(b) motion in a habeas proceeding that attacks the substance of the federal court's resolution of a claim on the merits is not a true Rule 60(b) motion, but rather a successive habeas petition," and is therefore subject to the preauthorization requirement of 28 U.S.C. §§ 2244(b), 2255(h) (2012) for successive applications. *McRae*, 793 F.3d at 397 (internal quotation marks omitted). By contrast, "[a] Rule 60(b) motion that challenges some defect in the integrity of the federal habeas proceedings . . . is a true Rule 60(b) motion, and is not subject to the preauthorization requirement." *Id.* (internal quotation marks omitted). Where, however, a motion "presents claims subject to the requirements for successive applications as well as claims cognizable under Rule 60(b)," it is properly characterized as a mixed Rule 60(b)/§ 2255 motion. *Id.* at 400 (internal quotation marks omitted).

2

In the March 2017 Rule 60(b) motion, Clarke sought remedies for perceived flaws in the collateral review proceedings. Specifically, he argued that the district court erred in dismissing his first § 2255 motion as time-barred and complained about the availability of mechanisms for federal prisoners to reopen their collateral review proceedings. *See Gonzalez v. Crosby*, 545 U.S. 524, 532 n.4 (2005) (explaining that movant presents a true Rule 60(b) motion "when he . . . asserts that a previous ruling which precluded a merits determination was in error," including a dismissal of the action as time-barred). In the August 2016 Rule 60(b) motion, Clarke raised similar challenges to the integrity of the collateral review proceedings, but he also raised one claim that directly challenged his sentence—namely, that his sentence is unlawful because he was improperly denied his right to appeal. Accordingly, we conclude that the March 2017 motion qualifies as a true Rule 60(b) motion and that the August 2016 motion is properly construed as a mixed Rule 60(b)/§ 2255 motion.

In *McRae*, we reaffirmed our prior holding that, when the applicant files a mixed Rule 60(b)/§ 2255 motion, "'the district court should afford the applicant an opportunity to elect between deleting the improper claims or having the entire motion treated as a successive application.'" *McRae*, 793 F.3d at 400 (quoting *Winestock*, 340 F.3d at 207). Because the district court did not afford Clarke that opportunity with respect to his August 2016 motion and erred in construing the March 2017 motion as a successive § 2255 motion, we vacate the portion of the court's order dismissing the motions and remand for further proceedings. We affirm, however, the portion of the court's order denying Clarke's motion to unseal his presentence report because Clarke failed to

3

challenge the denial of this motion in his informal brief. *See* 4th Cir. R. 34(b); *Jackson v. Lightsey*, 775 F.3d 170, 177 (4th Cir. 2014) ("[O]ur review is limited to issues preserved in [the informal] brief.").

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED IN PART;*
*VACATED IN PART;*
*AND REMANDED*

4